**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KYENNA McCONICO and KENNETHA BARNES, as Independent Co-Administrators of the Estate of ISAAC GOODLOW III, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>VILLAGE OF CAROL STREAM, a municipal corporation, VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6,<br><br>Defendants. | Case No.<br><br>**JURY DEMANDED** |

## COMPLAINT

Plaintiffs, KYENNA McCONICO and KENNETHA BARNES, as Independent Co-Administrators of the Estate of ISAAC GOODLOW III, Deceased, by and through their attorneys, Action Injury Law Group, LLC, and Hart McLaughlin & Eldridge, LLC, allege as follows against Defendants, VILLAGE OF CAROL STREAM, a municipal corporation, and VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6:

1.      On February 3, 2024, ISAAC GOODLOW, III, a 30-year-old unarmed Black man, was shot dead in cold blood by VILLAGE OF CAROL STREAM Police Officers while he lay sleeping inside the sanctity of his own bedroom. Worse, ISAAC was murdered by one or more Defendant VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, who entered his home without consent, without warning, without a warrant, and without probable cause.



## JURISDICTION AND VENUE

2.      This Court has jurisdiction over federal questions pursuant to 28 U.S.C. §1331 and civil rights cases pursuant to 28 U.S.C. §1343, as well as supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367.

3.      Venue is proper in this District under Title 28 of the United States Code, § 1931(b) because all incidents, events, and occurrences giving rise to this action occurred in the Northern District of Illinois, Eastern Division, and all parties reside in this District.

## PARTIES

4.      At all times relevant, ISAAC GOODLOW, III, resided at the Villagebrook Apartments, 260 E. St. Charles Road, Apartment GA, Carol Stream, Illinois. ISAAC was extremely close with his family, including his mother and 8 brothers and sisters, many of whom also lived in the Villagebrook Apartments, and saw one another daily.

5.      Plaintiff, KYENNA McCONICO, is sister and Independent co-Administrator of the Estate of her now-deceased brother ISAAC GOODLOW, III, and resides in Addison, Illinois.

6.      Plaintiff, KENNETHA BARNES, is sister and Independent co-Administrator of the Estate of her now-deceased brother ISAAC GOODLOW, III, and also resides at Villagebrook Apartments, Carol Stream, Illinois.

7.      As of the date of filing this Complaint, the VILLAGE OF CAROL STREAM continues to conceal and refuses to provide the identities of the responding and shooting VILLAGE OF CAROL STREAM Police Officers, despite multiple written and oral attempts and requests by Plaintiffs to disclose the identities of these Police Officers, and therefore Plaintiffs refer to these Defendants as VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6. Upon identification, Plaintiffs will seek leave to amend this Complaint accordingly.

8.     At all times relevant, VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, and each of them, were acting in the course and scope of his or her employment by VILLAGE OF CAROL STREAM and acting under the color of law. VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, and each of them, are sued in his or her individual capacity and as an agent of VILLAGE OF CAROL STREAM.

9.     VILLAGE OF CAROL STREAM is a municipality duly incorporated under the laws of the State of Illinois. VILLAGE OF CAROL STREAM is the employer of VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, and each of them. VILLAGE OF CAROL STREAM further is responsible for the policies, practices, and customs of its Police Department.

## THE UNLAWFUL RAID OF ISAAC GOODLOW, III'S HOME AND UNJUSTIFIED SHOOTING OF UNARMED ISAAC GOODLOW, III

10.     On the morning of February 3, 2024, VILLAGE OF CAROL STREAM was notified of a dispute between ISAAC GOODLOW, III and his girlfriend.

11.     On the morning of February 3, 2024, VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6 arrived at the Villagebrook Apartments, in response to said call.

12.     When VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6 arrived at the Villagebrook Apartments, ISAAC was alone inside his home.

13.     When VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6 arrived at the Villagebrook Apartments, ISAAC's girlfriend was not inside ISAAC's home, and each and every VILLAGE OF CAROL STREAM Police Officer on scene was perfectly aware the complaining girlfriend was not inside ISAAC's home when they arrived at the Villagebrook Apartments.

14.     When VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6 arrived at the Villagebrook Apartments, ISAAC GOODLOW, III posed no immediate danger or threat of danger to himself or others.

15.     When VILLAGE OF CAROL STREAM Police Officers arrived at the Villagebrook Apartments, and throughout the duration of their time at Villagebrook Apartments, there were no exigent circumstances warranting entry into ISAAC GOODLOW, III's home.

16.     During the duration of time VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6 were present at the Villagebrook Apartments, ISAAC GOODLOW, III continued to remain peacefully by himself inside his home.

17.     During the time VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6 were present at the Villagebrook Apartments, ISAAC GOODLOW, III's girlfriend continued to remain outside of ISAAC's home.

18.     During the time VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6 were present at the Villagebrook Apartments, ISAAC GOODLOW, III presented no threat of imminent harm to himself or others.

19.     During the time VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6 were present at the Villagebrook Apartments, there were no exigent circumstances warranting entry into ISAAC GOODLOW, III's home.

20.     During the time VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6 were present at the Villagebrook Apartments, there was no probable cause warranting entry into ISAAC GOODLOW, III's home.

21.     At no time on the morning of February 3, 2024 did VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6 obtain a warrant for the arrest of ISAAC GOODLOW, III.

22.     At no time on the morning of February 3, 2024 did VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6 obtain a warrant allowing them to enter the home of ISAAC GOODLOW, III.

23.     At no time on the morning of February 3, 2024 did VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6 announce their presence to ISAAC GOODLOW, III.

24.     At no time on the morning of February 3, 2024 did VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6 obtain ISAAC GOODLOW, III's consent to enter his home.

25.     Upon information and belief, on the morning of February 3, 2024, one or more of the yet-to-be-identified VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6 were present at the Villagebrook Apartments for more than 50 minutes without making contact with ISAAC GOODLOW, III.

26.     On the morning of February 3, 2024, one or more VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6 had sufficient time to and did obtain tactical gear including a ballistics shield.

27.     On the morning of February 3, 2024, one or more VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6 was equipped with a Taser on his person.

28.     On the morning of February 3, 2024, VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, without hearing any activity in the home, and with no exigent

circumstances present, hatched a plan to draw their guns and illegally gain access to ISAAC's home through a locked and bolted door, and did enter the home of ISAAC GOODLOW, III, while heavily armed and guns out and ready to fire away, without justification, without probable cause, without consent, and without announcing their office or other warning.



29.     Once inside, VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6 moved through ISAAC GOODLOW, III's home, and opened ISAAC's bedroom door.

30.     Immediately upon opening ISAAC's bedroom door, VILLAGE OF CAROL STREAM POLICE OFFICER JOHN DOE #1, with his gun already out and hand on the trigger, fired his weapon at ISAAC GOODLOW, III, and asked questions later. The shot was fired without cause and without justification.

31.     Immediately upon opening ISAAC's bedroom door, VILLAGE OF CAROL STREAM POLICE OFFICER JOHN DOE #2, with his gun out and finger on the trigger, fired a shot at ISAAC GOODLOW, III, without cause and without justification.

32.     One of the VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6 who fired on ISAAC, an unarmed Black man in the sanctity and privacy of his own bedroom, shot a bullet directly into ISAAC's heart. ISAAC never stood a chance. He was killed in his bedroom.

33.     After struck by the direct gunshot bullet to his heart, ISAAC GOODLOW, III was left on the floor of his own bedroom, on the side of his bed, face down.

34.     As if a close-range shot to the heart was not enough and while ISAAC GOODLOW, III lay face down bleeding out, one or more VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6 deployed his Taser on ISAAC.

35.     As if a close-range shot to the heart and tasing ISAAC GOODLOW, III was not enough, one or more VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6 handcuffed ISAAC's hands behind his back while he lay on the floor of his bedroom, without first assessing for or attempting to provide life-saving measures to ISAAC and while he bled out and ultimately died.

36.     Only after shooting, tasing, and handcuffing ISAAC GOODLOW, III, did one or more VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6 attempt to provide CPR, call for medical assistance, or undertake any life-saving measures. By that time it was much too late to save ISAAC.

37.     At all times relevant, ISAAC GOODLOW, III was unarmed, and did nothing to present an immediate threat of death or great bodily harm to any VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6 or to himself.

38.     ISAAC GOODLOW, III was pronounced dead on the scene on February 3, 2024, in the bedroom of his own home, alone, unarmed, and by the very same people who took an oath to serve and protect him. They did neither; instead, VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6 made a conscious decision to shoot to kill, in violation of ISAAC's

constitutional rights.

## THE POLICY AND PRACTICES OF VILLAGE OF CAROL STREAM POLICE DEPARTMENT LED TO ISAAC GOODLOW III'S DEATH

39.     All reasonable law enforcement agencies are aware police home raids present a significant risk of harm and even death to both officers and members of the public. The risks presented by these tactics is perhaps best exemplified by the death of Breonna Taylor. Ms. Taylor was asleep in her bed when at least seven Louisville police officers forced entry into her apartment and shot and killed her on March 13, 2020, while attempting to serve a warrant for a person who no longer lived at that address.

40.     The police tactics that led to Ms. Taylor's death led to worldwide outrage and fueled historic, international protests during the summer of 2020. An internet search produces over 4 million news stories related to Ms. Taylor's death; included in that number are stories documenting how police departments across the United States took efforts to revise policies regarding use of force and home raids in the wake of outrage over the police action and inaction that killed Ms. Taylor. The widespread media coverage of both Ms. Taylor's death, and law enforcement agencies' efforts to enact policy reform to prevent another tragic event like that of Breonna Taylor, put police departments on notice of the particular dangers of police raids.

41.     A reasonable law enforcement agency develops and implements policies, procedures, and trainings that require the following:

   a.   Officers to secure a warrant before raiding any person's home in non-exigent circumstances, and permitting home raids only in cases where there is a clear and present danger or imminent threat to life;

   b.   A prohibition against officers intentionally pointing a firearm at a person unless there is an objective, reasonable belief that the person presents an imminent threat of death or serious physical injury to the member or another person;

    c. A prohibition against no-knock warrants and/or permitting police officers from entering into a person's home without warning;

    d. Guidance requiring that, if exigent circumstances require entry into a person's home, they do so in a manner that limits damage to the home and/or harm to the individual;

    e. Policy that follows the U.S. Department of Justice May 20, 2022 Use of Force Policy which provides:

        i. Deadly force may be used only after a verbal warning (absent exigent circumstances);

        ii. Officer must be trained in alternative methods and tactics for handing resisting subjects;

        iii. Officers must be trained in de-escalation tactics and techniques designed to gain voluntary compliance from a subject before using force;

        iv. Officers will be trained in, and must recognize and act upon, the affirmative duty to intervene to prevent or stop, as appropriate, any officer from engaging in excessive force;

        v. Officers have an affirmative duty to provide medical aid.

42. VILLAGE OF CAROL STREAM Police Department policies fail to include any of the specific guidance listed above. In fact, VILLAGE OF CAROL STREAM Police Department policies do little more than recite the legal standards governing use of force and officers' duty to render aid.

43. VILLAGE OF CAROL STREAM Police Department policies fail to provide sufficient policy guidance regarding under what circumstances officers may enter or raid an individual's home without a warrant.

44. The death of ISAAC GOODLOW, III is a direct result of the policy and practice of VILLAGE OF CAROL STREAM Police Officers in using excessive force and engaging in unlawful home raids in violation of the Fourth Amendment. Such incidents include, but are not limited to:

a. On March 18, 2019, Carol Stream police officers, unlawfully and without a warrant, raided a home in which there were two minor children. During the raid, Carol Stream police officers unlawfully restrained and handcuffed one of the children, causing the child extreme distress. *Piemonte v. The Village of Carol Stream, et al.,* 21-cv-1973 (N.D. Ill.);

b. On March 10, 2008, Carol Stream police officers unlawfully raided Alfredo Huerta's home after receiving a call alleging domestic violence. The Carol Stream police officers threw Mr. Huerta to the ground, stomped on his neck, stuck him while he was handcuffed, and taunted him with racial slurs. *Huerta v. Village of Carol Stream, et al.,* 09-cv-1492 (N.D. Ill.);

c. On August 9, 2003, Cheryl Adeszko and her husband held their wedding reception at the Holiday Inn in Carol Stream. Carol Stream police officers responded to a call about an argument at the wedding reception. Carol Stream police officers arrested Mr. Adeszko, while his wife tried to explain to them that he was innocent. In response to Ms. Adeszko's pleas, Carol Stream police officers punched her in the face, threw her against the wall, and then pressed her to the ground with such force she urinated on herself. *Adeszko v. Degnan,* 05-cv-4589 (N.D. Ill.).

### COUNT I –42 USC § 1983 – Fourth Amendment - Illegal Seizure
### *Against Defendants Village of Carol Stream Police Officers Doe #1 - 6*

45.     Plaintiffs incorporate the allegations set forth in all preceding paragraphs as though fully stated herein.

46.     At all relevant times, ISAAC GOODLOW III had a constitutional right to be free from unreasonable search and seizure under the Fourth Amendment to the United States Constitution.

47.     At all relevant times, ISAAC GOODLOW III remained alone inside his home and posed no threat to the life or liberty to any VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, or to himself.

48.     At all relevant times, none of the VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6 had a factual basis to support a reasonable belief that ISAAC GOODLOW, III posed a threat to his or her own safety or the safety of others.

49. A reasonable police officer would have known that entering the home of ISAAC GOODLOW, III, on the morning of February 3, 2024, when there existed no exigent circumstances, and ISAAC posed no threat of harm to anyone constitutes a violation of the Fourth Amendment.

50. The conduct of VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, and each of them, in entering the home of ISAAC GOODLOW, III, on the morning of February 3, 2024, without probable cause, without consent, without a warrant, and without announcing their office, was objectively unreasonable and a violation of ISAAC's Fourth Amendment rights to be free of unreasonable seizures and was undertaken intentionally and with willful indifference to ISAAC's constitutional rights.

51. As a direct and proximate result of the unlawful conduct of VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, ISAAC GOODLOW, III, was shot and killed in the bedroom of his own home, suffering pain, mental anguish, and loss of his young life.

WHEREFORE Plaintiffs, KYENNA McCONICO and KENNETHA BARNES, as Independent Co-Administrators of the Estate of ISAAC GOODLOW III, Deceased, pray for judgment against VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, for compensatory and punitive damages, costs, attorneys' fees, interest, and other relief the Court deems fair and just.

### COUNT II –42 USC § 1983 – Fourth Amendment – Excessive Force
*Against Defendants Village of Carol Stream Police Officers Doe #1 - 6*

52. Plaintiffs incorporate the allegations set forth in all preceding paragraphs as though fully stated herein.

53. At all relevant times, ISAAC GOODLOW III had a constitutional right to be free from unreasonable search and seizure under the Fourth Amendment to the United States Constitution.

54. The United States Supreme Court has recognized that apprehension by the use of deadly force represents a "seizure" subject to the Fourth Amendment's requirements of reasonableness.

55. At all relevant times, ISAAC GOODLOW III remained inside his home alone, and posed no threat to the life or liberty to any of the VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, or to himself.

56. At all relevant times, none of the VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6 had a factual basis to support a reasonable belief that ISAAC GOODLOW, III posed a threat to his safety or to the safety of others.

57. A reasonable police officer would have known that using deadly force against ISAAC GOODLOW, III, on the morning of February 3, 2024, when ISAAC was unarmed, and posed no threat of harm to anyone constitutes excessive force in violation of the Fourth Amendment.

58. The conduct of VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 and #2, and each of them, in discharging their weapons and using deadly force against ISAAC GOODLOW, III, on the morning of February 3, 2024, was objectively unreasonable and a violation of ISAAC's Fourth Amendment rights.

59. The conduct of one or more of the VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 - 6, and each of them, in discharging their Tasers against ISAAC GOODLOW, III, on the morning of February 3, 2024, after he had been struck with several bullets, was objectively unreasonable and a violation of ISAAC's Fourth Amendment rights.

60. As a direct and proximate result of the conduct of VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, ISAAC GOODLOW, III, was shot and killed in the bedroom of his home, suffering pain, mental anguish, and loss of his young life.

WHEREFORE Plaintiffs, KYENNA McCONICO and KENNETHA BARNES, as Independent Co-Administrators of the Estate of ISAAC GOODLOW III, Deceased, pray for judgment against VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, for compensatory and punitive damages, costs, attorneys' fees, interest, and other relief the Court deems fair and just.

### COUNT III – Willful & Wanton Conduct – Survival Action
### *Against Defendants Village of Carol Stream Officers John Doe #1 - 6*

61.    Plaintiffs incorporate the allegations set forth in all preceding paragraphs as though fully stated herein.

62.    At all relevant times, VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, and each of them, owed ISAAC GOODLOW, III a duty to refrain from wanton and willful acts and omissions.

63.    At all times relevant, VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, and each of them, engaged in a course of conduct that showed an actual or deliberate intention to cause harm to and/or an utter indifference or conscious disregard for the safety of ISAAC GOODLOW, III.

64.    On the morning of February 3, 2024, VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, and each of them, by and through their acts and/or omissions and breached their duty to ISAAC GOODLOW, III in one or more of the following ways:

    a.    Entered ISAAC's home without probable cause;

    b.    Entered ISAAC's home without a warrant;

    c.    Entered ISAAC's home without consent;

    d.    Failed to announce their presence before entering ISAAC's home;

    e.    Shot ISAAC GOODLOW, III;

f.   Failed to exercise the proper level of force that was warranted under the circumstances;

g.   Used excessive and inappropriate deadly force without justification;

h.   Failed to use, or allow to be used, less dangerous means of restraint on ISAAC GOODLOW, III before using and discharging their firearms;

i.   Tased ISAAC after shooting him;

j.   Tased ISAAC after shooting him and before assessing his need for and/or providing him life-sustaining measures;

k.   Handcuffed ISAAC without first assessing his need for life-sustaining measures;

l.   Delayed in providing ISAAC with life-sustaining measures;

m.   Failed to warn ISAAC GOODLOW, III of the impending use of force;

n.   Failed to implement and adhere to a use of force continuum consistent with that used by law enforcement agencies in Illinois.

65.   As a direct and proximate result of one or more of the foregoing willful and wanton acts and/or omissions, ISAAC GOODLOW, III, suffered pain and injury, including emotional anguish, fear, anxiety, disfigurement, and loss of life and liberty.

66.   Plaintiffs bring this action pursuant to the provisions of 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

WHEREFORE Plaintiffs, KYENNA McCONICO and KENNETHA BARNES, as Independent Co-Administrators of the Estate of ISAAC GOODLOW III, Deceased, pray for judgment against VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, for compensatory and punitive damages, costs, interest, and other relief the Court deems fair and just.

### COUNT IV – Willful & Wanton Conduct – Wrongful Death
### *Against Defendants Village of Carol Stream Officers John Doe #1 - 6*

67.   Plaintiffs incorporate the allegations set forth in paragraphs 61 through 64 above as though fully stated herein.

68.     As a direct and proximate result of or more of the foregoing willful and wanton acts and/or omissions, ISAAC GOODLOW, III suffered injuries including, but not limited to, a bullet-punctured chest, which caused ISAAC's untimely death on February 3, 2024.

69.     ISAAC GOODLOW, III is survived by his siblings, mother, and other family members.

70.     By reason of the death of ISAAC GOODLOW III, his heirs have suffered pecuniary damages, including mental suffering, grief, loss of companionship, support, comfort, love, affection, protection and society of Decedent.

71.     Plaintiffs, as Independent co-Administrators of the Estate of ISAAC GOODLOW, III, Deceased, brings this action pursuant to the provisions of 740 ILCS 180/1, *et seq.*, commonly known as the Illinois Wrongful Death Act.

WHEREFORE Plaintiffs, KYENNA McCONICO and KENNETHA BARNES, as Independent Co-Administrators of the Estate of ISAAC GOODLOW III, Deceased, pray for judgment against VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, for compensatory and punitive damages, costs, interest, and other relief the Court deems fair and just.

## COUNT V - Battery
### *Against Defendants Village of Carol Stream Officers John Doe #1 - 6*

72.     Plaintiffs incorporate the allegations set forth in all preceding paragraphs as though fully stated herein.

73.     In the manner described above, one or more of the VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, acting under color of law within the scope of their employment, engaged in offensive physical contact, made without the consent of ISAAC GOODLOW, III, when one or more of them shot ISAAC without justification.

74.     In the manner described above, one or more of the VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, acting under color of law within the scope of their employment, engaged in offensive physical contact, made without the consent of ISAAC GOODLOW, III, when one or more of them tased ISAAC without justification.

75.     In the manner described above, one or more of the VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, acting under color of law within the scope of their employment, engaged in offensive physical contact, made without the consent of ISAAC GOODLOW, III, when one or more of handcuffed shot ISAAC while he lay on the ground, and without justification.

76.     These actions were undertaken intentionally, willfully and wantonly, or recklessly.

77.     The misconduct described in this Count was objectively unreasonable and was undertaken with intentional disregard of ISAAC GOODLOW, III's rights.

78.     As a result of the misconduct of one or more of the VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, ISAAC GOODLOW, III, suffered pain and injury, including emotional anguish, fear, anxiety, disfigurement, and loss of life and liberty.

WHEREFORE Plaintiffs, KYENNA McCONICO and KENNETHA BARNES, as Independent Co-Administrators of the Estate of ISAAC GOODLOW III, Deceased, pray for judgment against VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, for compensatory and punitive damages, costs, interest, and other relief the Court deems fair and just.

### COUNT VI - 42 U.S.C. § 1983 - Fourth Amendment - Failure to Intervene
### *Against Defendants Village of Carol Stream Officers John Doe #1 – 6*

79.     Plaintiffs incorporate the allegations set forth in all preceding paragraphs as though fully stated herein.

80.     As described more fully in the preceding paragraphs, during the constitutional violations described herein, one or more of VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, stood by without intervening to prevent the misconduct described in this Complaint.

81.     As a result of failures of VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6 to intervene, ISAAC GOODLOW, III, suffered pain and injury, including emotional anguish, fear, anxiety, disfigurement, and the loss of life and liberty, as is more fully described throughout this Complaint.

WHEREFORE Plaintiffs, KYENNA McCONICO and KENNETHA BARNES, as Independent Co-Administrators of the Estate of ISAAC GOODLOW III, Deceased, pray for judgment against VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, for compensatory and punitive damages, costs, attorneys' fees, interest, and other relief the Court deems fair and just.

### COUNT VII - 42 U.S.C. § 1983 - Fourth Amendment – Denial of Medical Care
*Against Defendants Village of Carol Stream Officers John Doe #1 – 6*
*and Village of Carol Stream*

82.     Plaintiffs incorporate the allegations set forth in all preceding paragraphs as though fully stated herein.

83.     In the manner described above, VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, and each of them, had notice of ISAAC GOODLOW, III's serious medical needs after he was shot, and yet they failed to provide him with necessary medical attention, but instead tased and handcuffed him before assessing, providing, or requesting medical attention to ISAAC. They further failed to intervene and/or prevented the provision of medical care by others, in violation of the Fourth Amendment of the United States

Constitution.

84.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and/or reckless indifference to ISAAC GOODLOW, III's constitutional rights.

85.     As a result of this misconduct, ISAAC GOODLOW, III experienced pain, suffering, emotional distress, physical injury, and death.

86.     The misconduct described in this Count was undertaken pursuant to the policies and practices of VILLAGE OF CAROL STREAM in the manner more fully described above.

WHEREFORE Plaintiffs, KYENNA McCONICO and KENNETHA BARNES, as Independent Co-Administrators of the Estate of ISAAC GOODLOW III, Deceased, pray for judgment against VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, and VILLAGE OF CAROL STREAM, for compensatory damages, and punitive damages against individual Defendants, costs, attorneys' fees, interest, and other relief the Court deems fair and just.

### COUNT VIII - 42 U.S.C. § 1983 – *Monell* – Pattern and Practice of Unconstitutional Home Invasions and Using Excessive Force *Against Defendant Village of Carol Stream*

87.     Plaintiffs incorporate the allegations set forth in all preceding paragraphs as though fully stated herein.

88.     VILLAGE OF CAROL STREAM has a long-standing pattern and practice of executing unlawful home raids.

89.     VILLAGE OF CAROL STREAM has a long-standing pattern and practice of using excessive force, including deadly force.

90.     This pattern or practice had been in place for years prior to the shooting of ISAAC GOODLOW, III, as evidenced by the allegations above.

91.     VILLAGE OF CAROL STREAM has been aware of these patterns and practices, and their unlawfulness, and but has failed to implement reasonable and necessary means to address and resolve the pattern and practice of unlawful home raids and/or the unlawful use of excessive force that has persisted for years.

92.     The widespread pattern and practice described above and throughout this Complaint was a moving force behind the shooting of ISAAC GOODLOW, III.

93.     As a direct and proximate result of the widespread pattern and practice described above and throughout this Complaint, ISAAC GOODLOW, III, was shot and killed, inside his own home, and suffered pain and injury, including emotional anguish, fear, anxiety, disfigurement, and the loss of life and liberty, as is more fully described throughout this Complaint.

WHEREFORE Plaintiffs, KYENNA McCONICO and KENNETHA BARNES, as Independent Co-Administrators of the Estate of ISAAC GOODLOW III, Deceased, pray for judgment against VILLAGE OF CAROL STREAM, for compensatory damages, costs, attorneys' fees, interest, and other relief the Court deems fair and just.

## COUNT IX - 42 U.S.C. § 1983 – *Monell* –Failure to Promulgate Adequate Policies, Training, and Discipline of Officers
### *Against Defendant Village of Carol Stream*

94.     Plaintiffs incorporate the allegations set forth in all preceding paragraphs as though fully stated herein.

95.     A municipality's failure to train supports § 1983 liability where it is done with deliberate indifference to the constitutional rights of the municipality's inhabitants. *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989). The same is true where a municipality fails to hold officers accountable for their actions such that officers believe they can act with impunity.

96.     Based upon VILLAGE OF CAROL STREAM's long history of its Police Officers using unreasonable force, including deadly force, and executing unwarranted and illegal home raids, it

knew that increased and improved training in areas of use of force, effectuating arrests, and accessing an individuals' home, were necessary.

97.     VILLAGE OF CAROL STREAM was especially so informed through the many prior lawsuits and complaints against its Police Officers, including those mentioned throughout this Complaint.

98.     Notwithstanding, VILLAGE OF CAROL STREAM's indifference has persisted, as exemplified by its continued and persistent to provide adequate and appropriate training to its Police Officers on use of force, effectuating arrests, and accessing an individual's home

99.     Among the reforms VILLAGE OF CAROL STREAM has failed to timely and adequately implement are:

    a.  Developing appropriate and adequate policies and practices on use of force, effecting arrests, and accessing an individual's home, including:

        i.  A prohibition against officers entering an individual's home without a warrant, when the individual poses no threat of immediate harm to himself or other, they lack consent, probable cause, and no exigent circumstances exist;

        ii.  A prohibition against officers intentionally pointing a firearm at a person unless there is an objective reasonable belief the person presents an imminent threat of death or serious physical injury to the member or another person;

        iii.  A prohibition against no-knock warrants and/or permitting officers from entering into a person's home without warning;

        iv.  Guidance requiring that, if exigent circumstances require entry into a person's home, they do so in a manner that limits harm to the individual;

        v.  Policies that follow the U.S. Department of Justice May 20, 2022 Use of Force Policy including training on alternative methods and tactic for handing resisting subjects, de-escalation tactics and techniques, the affirmative duty to intervene to prevent or stop any officer from engaging in excessive force, and the affirmative duty to provide medical aid;

b. Providing appropriate training of its Police Officers on use of force, effectuating arrests, and accessing an individual's home, including, scenario-based training;

c. Conducting studies and analyses of accurate data on use of force, arrests, and accessing individuals' homes, which in turn, compromised its ability to implement meaningful reform and provide training in areas where it is needed; and

d. Implementing meaningful reform and adequate measures to address and resolve the long-standing pattern and practice of unlawful use of force, arrests, and home raids, including deadly force, that have been used by VILLAGE OF CAROL STREAM for years.

100. Because adequate policies and reforms were not promulgated and implemented, VILLAGE OF CAROL STREAM Police Officers were not trained appropriately. This failure on the part of VILLAGE OF CAROL STREAM exhibits deliberate indifference to the constitutional rights of VILLAGE OF CAROL STREAM inhabitants, including ISAAC GOODLOW, III, because VILLAGE OF CAROL STREAM knew that such reforms and training were necessary.

101. As a direct and proximate result of VILLAGE OF CAROL STREAM's deliberate indifference to training and accountability, particularly in the context of use of force, and unlawful home raids, ISAAC GOODLOW, IIII, was shot and killed while inside the sanctity of his own bedroom,

WHEREFORE Plaintiffs, KYENNA McCONICO and KENNETHA BARNES, as Independent Co-Administrators of the Estate of ISAAC GOODLOW III, Deceased, pray for judgment against VILLAGE OF CAROL STREAM, for compensatory damages, costs, attorneys' fees, interest, and other relief the Court deems fair and just.

## COUNT X – *Respondeat Superior*
### *Against Defendant Village of Carol Stream*

102. Plaintiffs incorporate the allegations set forth in all preceding paragraphs as though fully stated herein.

103. At all times relevant, VILLAGE OF CAROL STREAM is the employer of VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, and each of them.

104. At all times relevant, VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, and each of them, were acting in the course and scope of his or her employment by VILLAGE OF CAROL STREAM and acting under the color of law.

105. VILLAGE OF CAROL STREAM is vicariously liable for the acts and omissions of VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, and each of them.

WHEREFORE Plaintiffs, KYENNA McCONICO and KENNETHA BARNES, as Independent Co-Administrators of the Estate of ISAAC GOODLOW III, Deceased, pray for judgment against VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, for compensatory damages, costs, attorneys' fees, interest, and other relief the Court deems fair and just.

## COUNT XI – Indemnification
### *Against Defendant Village of Carol Stream*

106. Plaintiffs incorporate the allegations set forth in all preceding paragraphs as though fully stated herein.

107. At all times relevant, VILLAGE OF CAROL STREAM is the employer of VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, and each of them.

108. At all times relevant, VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, and each of them, were acting in the course and scope of his or her employment by the Village of Carol Stream and acting under the color of law.

109. Pursuant to 745 ILCS 10/9-102, VILLAGE OF CAROL STREAM is liable for any judgment for compensatory damages, attorneys' fees, and costs for the acts and omissions of the VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, and each of them.

WHEREFORE Plaintiffs, KYENNA McCONICO and KENNETHA BARNES, as Independent Co-Administrators of the Estate of ISAAC GOODLOW III, Deceased, pray for judgment against VILLAGE OF CAROL STREAM POLICE OFFICERS JOHN DOE #1 – 6, for compensatory damages, costs, attorneys' fees, interest, and other relief the Court deems fair and just.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all claims herein.

Dated:  February 28, 2024

By: */s/ Andrew M. Stroth*
    One of the Attorneys for Plaintiff

Andrew M. Stroth, #6276013
ACTION INJURY LAW GROUP, LLC
191 North Wacker Drive, Suite 2300
Chicago, Illinois 60606
Tel: (844) 878-4529
Fax: (312) 641-6866
astroth@actioninjurylawgroup.com

By: */s/ Steven A. Hart*
    One of the Attorneys for Plaintiff

Steven A. Hart, #6211008
Julie A. Murphy, #6290303
Bradley M. Kupiec, #6346110
HART McLAUGHLIN & ELDRIDGE, LLC
1 South Dearborn, Suite 1400
Chicago, Illinois 60603
Tel: (312) 955-0545
Fax: (312) 971-9243
shart@hmelegal.com
jmurphy@hmelegal.com
bkupiec@hmelegal.com