**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KYENNA McCONICO and KENNETHA BARNES, as Independent Co-Administrators of the Estate of ISAAC GOODLOW III, Deceased,

Plaintiffs,

v.

VILLAGE OF CAROL STREAM, a municipal corporation, SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY McGOVERN (#558), OFFICER NICHOLAS JENETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572),

Defendants.

Case No. 24 CV 1654

Judge John F. Kness

Magistrate Gabriel Fuentes

**FIRST AMENDED COMPLAINT**

Plaintiffs, KYENNA McCONICO and KENNETHA BARNES, as Independent Co-Administrators of the Estate of ISAAC GOODLOW III, Deceased, by and through their attorneys, Action Injury Law Group, LLC, and Hart McLaughlin & Eldridge, LLC, allege as follows against Defendants, VILLAGE OF CAROL STREAM, a municipal corporation, SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572):



## INTRODUCTION

On the morning February 3, 2024, ISAAC GOODLOW, III, a 30-years-old, unarmed Black man, was shot dead in cold blood by a VILLAGE OF CAROL STREAM police officer while inside the sanctity of his own bedroom. Worse, ISAAC was murdered by one or more of the officers who entered his home without consent, without warning, without a warrant, and without probable cause: SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572). Despite paying lip service to transparency in the media and on the VILLAGE OF CAROL STREAM Police Department's website, VILLAGE OF CAROL STREAM has not identified which police officer shot ISAAC GOODLOW, III, but instead has provided only the bare minimum to comply with the Court's order to disclose the identities of the involved officers. As an example, VILLAGE OF CAROL STREAM turned over official "Incident Reports" prepared by the officers shortly after the incident; yet, somehow, not one Incident Report identifies any one among the group that fired his or her weapon. The glaring omissions in the inadequate reporting is no accident. This "protect the officers first" mentality is typical of the "Blue Code of Silence" that plagues police departments and allows brutality in the form of excessive force and constitutional violations to go unpunished. The officers prepared these reports and their supervisors accepted these reports, despite a clear requirement in the VILLAGE OF CAROL STREAM Police Department's own policies and procedures that "employees should ensure that reports and sufficiently detailed for their purpose and reasonably free of errors prior to submission" (Policy 323.1.1 Report Preparation), because the VILLAGE OF CAROL STREAM Police Department promotes a culture where rule violations are not punished regardless of their seriousness. This culture extends to the supervision and hiring practices of the VILLAGE OF

CAROL STREAM Police Department, including its reported hiring of officers with checkered pasts, with prior involvement in shootings, and employing officers who have been discharged from other police departments. Because of VILLAGE OF CAROL STREAM's intentional withholding of the shooter's identity, and the continued obfuscation by the Village and its officers, Plaintiffs cannot discern which officers fired their weapons at ISAAC, and thus Plaintiffs have had to plead this First Amended Complaint in the alternative against the six disclosed involved officers: SERGEANT STEVEN CADLE (#29); OFFICER DANIEL PFINGSTON (#567); OFFICER MOLLY MCGOVERN (#558); OFFICER NICHOLAS JANETIS (#566); OFFICER DANIEL KOELLER (#570); and OFFICER AUSTIN MARQUARDT (#572). Neither the Village nor its offending officers have offered any explanation for withholding this information months after the shooting, a privilege not afforded to any other accused shooter. Plaintiffs intend to force disclosure of the shooter that has been known to VILLAGE OF CAROL STREAM and the offending officers since the day they unlawfully entered ISAAC'S home, shot, and killed him without provocation or justification. The continued willful protection and refusal to identify the shooting officer has caused, and continues to cause, great harm and injury to ISAAC's family.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over federal questions pursuant to 28 U.S.C. §1331 and civil rights cases pursuant to 28 U.S.C. §1343, as well as supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367.

2. Venue is proper in this District under Title 28 of the United States Code, § 1931(b) because all incidents, events, and occurrences giving rise to this action occurred in the Northern District of Illinois, Eastern Division, and all parties reside in this District.

## PARTIES

3. At all times relevant, ISAAC GOODLOW, III, resided at the Villagebrook Apartments, 260 E. St. Charles Road, Apartment GA, Carol Stream, Illinois.

4. Plaintiff, KYENNA McCONICO, is sister and Independent co-Administrator of the Estate of her now-deceased brother ISAAC GOODLOW, III, and resides in Addison, Illinois.

5. Plaintiff, KENNETHA BARNES, is sister and Independent co-Administrator of the Estate of her now-deceased brother ISAAC GOODLOW, III, and also resides at Villagebrook Apartments, Carol Stream, Illinois.

6. At all times relevant, SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), OFFICER AUSTIN MARQUARDT (#572), and each of them, were acting in the course and scope of his or her employment by VILLAGE OF CAROL STREAM and acting under the color of law. SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), and each of them, are sued in their individual capacities and as agents of the VILLAGE OF CAROL STREAM.

7. VILLAGE OF CAROL STREAM is a municipality duly incorporated under the laws of the State of Illinois. VILLAGE OF CAROL STREAM is the employer of SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), and each of them. VILLAGE OF CAROL STREAM further is responsible for the policies, practices, and customs of its Police Department.

**THE UNLAWFUL ENTRY INTO ISAAC GOODLOW, III'S HOME AND UNJUSTIFIED SHOOTING OF UNARMED ISAAC GOODLOW, III**

8. On the morning of February 3, 2024, the VILLAGE OF CAROL STREAM was notified of a dispute between ISAAC GOODLOW, III and Krystal Upshaw.

9. On the morning of February 3, 2024, SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572) arrived at the Villagebrook Apartments, in response to said call.

10. When SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572) arrived at the Villagebrook Apartments, ISAAC GOODLOW, III was alone inside his home.

11. When SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572) arrived at the Villagebrook Apartments, and throughout the duration of their time at Villagebrook Apartments, Krystal Upshaw was not inside ISAAC's home and remained outside of ISAAC's home.

12. When SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572) arrived at the Villagebrook Apartments, and throughout the duration of their time at Villagebrook Apartments, ISAAC GOODLOW, III posed no immediate danger or threat of danger to himself or others.

13. When SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON

(#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572) arrived at the Villagebrook Apartments, and throughout the duration of their time at Villagebrook Apartments, there were no exigent circumstances warranting entry into ISAAC GOODLOW, III's home.

14. Throughout the duration of their time at Villagebrook Apartments SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), ISAAC GOODLOW, III continued to remain peacefully by himself inside his home.

15. During the time SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572) were present at the Villagebrook Apartments, there was no probable cause warranting entry into ISAAC's home.

16. At no time on the morning of February 3, 2024 did SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), OFFICER AUSTIN MARQUARDT (#572), or any other VILLAGE OF CAROL STREAM officer, obtain a warrant for the arrest of ISAAC GOODLOW, III.

17. At no time on the morning of February 3, 2024 did SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), OFFICER

AUSTIN MARQUARDT (#572), or any other VILLAGE OF CAROL STREAM officer, obtain a warrant allowing them to enter the home of ISAAC GOODLOW, III.

18. At no time on the morning of February 3, 2024 did SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), or OFFICER AUSTIN MARQUARDT (#572), properly and appropriately announce their presence to ISAAC GOODLOW, III.

19. At no time on the morning of February 3, 2024 did SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), or OFFICER AUSTIN MARQUARDT (#572) obtain ISAAC GOODLOW, III's consent to enter his home.

20. Upon information and belief, on the morning of February 3, 2024, SERGEANT STEVEN CADLE (#29), and/or OFFICER DANIEL PFINGSTON (#567), and/or OFFICER MOLLY MCGOVERN (#558), and/or OFFICER NICHOLAS JANETIS (#566), and/or OFFICER DANIEL KOELLER (#570), and/or OFFICER AUSTIN MARQUARDT (#572) were present at the Villagebrook Apartments for more than 50 minutes without making contact with ISAAC GOODLOW, III.

21. On the morning of February 3, 2024, SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572) had sufficient time to and did obtain tactical gear including a ballistics shield.

22. On the morning of February 3, 2024, SERGEANT STEVEN CADLE (#29), and/or OFFICER DANIEL PFINGSTON (#567), and/or OFFICER MOLLY MCGOVERN

(#558), and/or OFFICER NICHOLAS JANETIS (#566), and/or OFFICER DANIEL KOELLER (#570), and/or OFFICER AUSTIN MARQUARDT (#572) was equipped with a Taser on his or her person.

23. On the morning of February 3, 2024, SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), without hearing any activity in the home, and with no exigent circumstances present, hatched a plan to draw their guns and illegally gain access to ISAAC's home through a locked and bolted door, and did enter the home of ISAAC GOODLOW, III, while heavily armed and guns out and ready to fire away, without justification, without probable cause, without consent, and without adequately announcing their office or otherwise providing warning.



24. After they opened the front door of ISAAC GOODLOW, III's apartment, neither SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL

KOELLER (#570), nor OFFICER AUSTIN MARQUARDT (#572) made any attempt to call ISAAC GOODLOW, III to the door, but instead they entered into his home in a tactical stacked position, without justification, without probable cause, without consent, and without adequately announcing their office or otherwise providing any warning.

25. Thereafter, SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572) moved through ISAAC GOODLOW, III's apartment, and upon reaching ISAAC's closed bedroom door, and without announcing their presence at the door or providing any warning to ISAAC, one of the foregoing officers kicked open ISAAC's bedroom door with his gun already out in his hand and his finger on the trigger.

26. Immediately upon kicking open ISAAC's bedroom door, SERGEANT STEVEN CADLE (#29), and/or OFFICER DANIEL PFINGSTON (#567), and/or OFFICER MOLLY MCGOVERN (#558), and/or OFFICER NICHOLAS JANETIS (#566), and/or OFFICER DANIEL KOELLER (#570), and/or OFFICER AUSTIN MARQUARDT (#572), with his or her gun already out and finger on the trigger, fired at ISAAC GOODLOW, III, and asked questions later. The shot was fired without cause and without justification.

27. Immediately upon opening ISAAC's bedroom door, SERGEANT STEVEN CADLE (#29), and/or OFFICER DANIEL PFINGSTON (#567), and/or OFFICER MOLLY MCGOVERN (#558), and/or OFFICER NICHOLAS JANETIS (#566), and/or OFFICER DANIEL KOELLER (#570), and/or OFFICER AUSTIN MARQUARDT (#572), with his or her gun out and finger on the trigger, fired another shot at ISAAC GOODLOW, III, without cause and without justification.

28. A bullet fired by SERGEANT STEVEN CADLE (#29), and/or OFFICER DANIEL PFINGSTON (#567), and/or OFFICER MOLLY MCGOVERN (#558), and/or OFFICER NICHOLAS JANETIS (#566), and/or OFFICER DANIEL KOELLER (#570), and/or OFFICER AUSTIN MARQUARDT (#572), at ISAAC GOODLOW, III, an unarmed Black man in the sanctity and privacy of his own bedroom, was shot directly into ISAAC GOODLOW, III's heart. ISAAC never stood a chance. He was killed in his bedroom.

29. After struck by the direct gunshot bullet to his heart, ISAAC GOODLOW, III was left on the floor of his own bedroom, on the side of his bed, face down.

30. As if a close-range shot to the heart was not enough and while ISAAC GOODLOW, III was left lying face down and bleeding out, OFFICER NICHOLAS JANETIS (#566) deployed a Taser on ISAAC GOODLOW, III.

31. As if a close-range shot to the heart and tasing ISAAC GOODLOW, III was not enough, SERGEANT STEVEN CADLE (#29), and/or OFFICER DANIEL PFINGSTON (#567), and/or OFFICER MOLLY MCGOVERN (#558), and/or OFFICER NICHOLAS JANETIS (#566), and/or OFFICER DANIEL KOELLER (#570), and/or OFFICER AUSTIN MARQUARDT (#572) handcuffed ISAAC's hands behind his back while he lie on the floor of his bedroom, without first assessing for or attempting to provide life-saving measures to ISAAC, and while he bled out and ultimately died.

32. Only after shooting, tasing, and handcuffing ISAAC GOODLOW, III, did SERGEANT STEVEN CADLE (#29), and/or OFFICER DANIEL PFINGSTON (#567), and/or OFFICER MOLLY MCGOVERN (#558), and/or OFFICER NICHOLAS JANETIS (#566), and/or OFFICER DANIEL KOELLER (#570), and/or OFFICER AUSTIN MARQUARDT (#572) attempt to provide CPR, call for medical assistance, or undertake any life-saving measures. By that time it was much too late to save ISAAC.

33. At all times relevant, ISAAC GOODLOW, III was unarmed, and did nothing to present an immediate threat of death or great bodily harm to SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), or OFFICER AUSTIN MARQUARDT (#572), or to himself.

34. ISAAC GOODLOW, III was pronounced dead on the scene on February 3, 2024, in the bedroom of his own home, alone, unarmed, and by the very same people who took an oath to serve and protect him. They did neither; instead, SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572) made a conscious decision to shoot to kill, in violation of ISAAC's constitutional rights.

35. These officers were present at the Villagebrook Apartments for more than 50 minutes and spoke with a number of people on scene before eventually performing a warrantless entry into ISAAC GOODLOW, III's home, and then shooting and killing him. VILLAGE OF CAROL STREAM's Police Department's policies require these Officers to create full and meaningful reports providing detailed information regarding their interviews, investigations, entry, and killing of ISAAC GOODLOW, III, which would have been pages and pages of explanation. Yet each of these Officers omitted any detail from their reports regarding the shooting of ISAAC. None of the Officers even identify which ones fired their weapons at ISAAC. In fact, the reports created by OFFICER DANIEL PFINGSTON (#567) and OFFICER MOLLY MCGOVERN (#558) each consist of just two sentences, saying only they responded to a call at ISAAC's apartment "that resulted in an officer involved shooting," and directing to "BWC videos for further details," although both officers state

they did not even review any body-worn camera footage prior to authoring their reports. VILLAGE OF CAROL STREAM supervisors approved these inadequate and lacking reports. VILLAGE OF CAROL STREAM and its officers apparently were more concerned with protecting themselves from criminal prosecution and being held responsible civilly than dispensing their reporting obligations as peace officers.

**THE POLICY AND PRACTICES OF VILLAGE OF CAROL STREAM POLICE DEPARTMENT LED TO ISAAC GOODLOW III'S DEATH**

36. All reasonable law enforcement agencies are aware police home entries present a significant risk of harm and even death to both officers and members of the public. The risks presented by these tactics is perhaps best exemplified by the death of Breonna Taylor. Ms. Taylor was asleep in her bed when at least seven Louisville police officers forced entry into her apartment and shot and killed her on March 13, 2020, while attempting to serve a warrant for a person who no longer lived at that address.

37. The police tactics that led to Ms. Taylor's death led to worldwide outrage and fueled historic, international protests during the summer of 2020. An internet search produces over 4 million news stories related to Ms. Taylor's death; included in that number are stories documenting how police departments across the United States took efforts to revise policies regarding use of force and home entries in the wake of outrage over the police action and inaction that killed Ms. Taylor. The widespread media coverage of both Ms. Taylor's death, and law enforcement agencies' efforts to enact policy reform to prevent another tragic event like that of Breonna Taylor, put police departments on notice of the particular dangers of police home entries.

38. A reasonable law enforcement agency develops and implements policies, procedures, and trainings that require the following:

a. Officers to secure a warrant before entering any person's home in non-exigent circumstances, and permitting home entries only in cases where there is a clear and present danger or imminent threat to life.
b. A prohibition against officers intentionally pointing a firearm at a person unless there is an objective, reasonable belief that the person presents an imminent threat of death or serious physical injury to the member or another person;
c. A prohibition against no-knock warrants and/or permitting police officers from entering into a person's home without warning;
d. Guidance requiring that, if exigent circumstances require entry into a person's home, they do so in a manner that limits damage to the home and/or harm to the individual;
e. Policy that follows the U.S. Department of Justice May 20, 2022 Use of Force Policy which provides:
    i. Deadly force may be used only after a verbal warning (absent exigent circumstances);
    ii. Officer must be trained in alternative methods and tactics for handling resisting subjects;
    iii. Officers must be trained in de-escalation tactics and techniques designed to gain voluntary compliance from a subject before using force;
    iv. Officers will be trained in, and must recognize and act upon, the affirmative duty to intervene to prevent or stop, as appropriate, any officer from engaging in excessive force;
    v. Officers have an affirmative duty to provide medical aid.

39. VILLAGE OF CAROL STREAM Police Department policies fail to include any of the specific guidance listed above. In fact, VILLAGE OF CAROL STREAM Police Department policies do little more than recite the legal standards governing use of force and officers' duty to render aid.

40. VILLAGE OF CAROL STREAM Police Department policies fail to provide sufficient guidance regarding the circumstances under which officers may enter an individual's home without a warrant.

41. The death of ISAAC GOODLOW, III is a direct result of the policy and practice of VILLAGE OF CAROL STREAM Police Officers in using excessive force and engaging in unlawful home entries in violation of the Fourth Amendment. Such incidents include, but are not limited to:

a. On March 18, 2019, Carol Stream police officers, unlawfully and without a warrant, unlawfully entered a home in which there were two minor children. During the home invasion, Carol Stream police officers unlawfully restrained and handcuffed one of the children, causing the child extreme distress. *Piemonte v. The Village of Carol Stream, et al.,* 21-cv-1973 (N.D. Ill.);

b. On March 10, 2008, Carol Stream police officers unlawfully entered Alfredo Huerta's home after receiving a call alleging domestic violence. The Carol Stream police officers threw Mr. Huerta to the ground, stomped on his neck, stuck him while he was handcuffed, and taunted him with racial slurs. *Huerta v. Village of Carol Stream, et al.,* 09-cv-1492 (N.D. Ill.);

c. On August 9, 2003, Cheryl Adeszko and her husband held their wedding reception at the Holiday Inn in Carol Stream. Carol Stream police officers responded to a call about an argument at the wedding reception. Carol Stream police officers arrested Mr. Adeszko, while his wife tried to explain to them that he was innocent. In response to Ms. Adeszko's pleas, Carol Stream police officers punched her in the face, threw her against the wall, and then pressed her to the ground with such force she urinated on herself. *Adeszko v. Degnan,* 05-cv-4589 (N.D. Ill.).

**COUNT I –42 USC § 1983 – Fourth Amendment - Illegal Seizure**
***Against Defendants Sergeant Steven Cadle (#29), Officer Daniel Pfingston (#567), Officer Molly McGovern (#558), Officer Nicholas Janetis (#566), Officer Daniel Koeller (#570), and Officer Austin Marquardt (#572)***

42. Plaintiffs incorporate the allegations set forth in all preceding paragraphs as though fully stated herein.

43. At all relevant times, ISAAC GOODLOW III had a constitutional right to be free from unreasonable search and seizure under the Fourth Amendment to the United States Constitution.

44. At all relevant times, ISAAC GOODLOW III remained alone inside his home and posed no threat to the life or liberty to himself or others, including to any of the group of officers that included SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572).

45. At all relevant times, neither SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), nor OFFICER AUSTIN MARQUARDT (#572) had a factual basis to support a reasonable belief that ISAAC GOODLOW, III posed a threat to his or her safety or the safety of others or himself.

46. A reasonable police officer would have known that entering the home of ISAAC GOODLOW, III, on the morning of February 3, 2024, when ISAAC was unarmed, and posed no threat of harm to anyone, constituted a violation of the Fourth Amendment.

47. The conduct of the SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), and each of them, in entering the home of ISAAC GOODLOW, III, on the morning of February 3, 2024, without probable cause, without consent, without a warrant, and without adequately announcing their office, was objectively unreasonable and a violation of ISAAC's Fourth Amendment rights to be free of unreasonable seizures and was undertaken intentionally and with willful indifference to ISAAC's constitutional rights.

48. As a direct and proximate result of the unlawful conduct of SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), ISAAC GOODLOW, III was shot and killed in the bedroom of his own home, suffering pain, mental anguish, and loss of his young life.

WHEREFORE Plaintiffs, KYENNA McCONICO and KENNETHA BARNES, as Independent Co-Administrators of the Estate of ISAAC GOODLOW III, Deceased, pray for judgment against SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON

(#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), for compensatory damages and punitive damages, costs, disbursement, attorneys' fees, interest, and any other relief the Court deems fair and just.

**COUNT II – 42 USC § 1983 – Fourth Amendment – Excessive Force**
***Against Defendants Sergeant Steven Cadle (#29), Officer Daniel Pfingston (#567), Officer Molly McGovern (#558), Officer Nicholas Janetis (#566), Officer Daniel Koeller (#570) and Officer Austin Marquardt (#572)***

49. Plaintiffs incorporate the allegations set forth in all preceding paragraphs as though fully stated herein.

50. At all relevant times, ISAAC GOODLOW, III had a constitutional right to be free from unreasonable search and seizure under the Fourth Amendment to the United States Constitution.

51. The United States Supreme Court has recognized that apprehension by the use of deadly force represents a "seizure" subject to the Fourth Amendment's requirements of reasonableness.

52. At all relevant times, ISAAC GOODLOW III remained inside his home alone, and posed no threat to the life or liberty to SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), or OFFICER AUSTIN MARQUARDT (#572), to himself, or to others.

53. At all relevant times, neither SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), nor OFFICER AUSTIN

MARQUARDT (#572), had a factual basis to support a reasonable belief ISAAC GOODLOW, III posed a threat to his or her safety or the safety of others.

54. A reasonable police officer would have known that using deadly force against ISAAC GOODLOW, III, on the morning of February 3, 2024, when ISAAC was unarmed, and posed no threat of harm to anyone, constituted excessive force in violation of the Fourth Amendment.

55. The conduct of the officers who discharged their weapons and used deadly force against ISAAC GOODLOW, III, on the morning of February 3, 2024, was objectively unreasonable and a violation of ISAAC's Fourth Amendment rights.

56. The conduct of OFFICER NICHOLAS JANETIS (#566), in discharging a Taser against ISAAC GOODLOW, III, on the morning of February 3, 2024, after ISAAC had been struck, was objectively unreasonable and a violation of ISAAC's Fourth Amendment rights.

57. Despite spending more than 50 minutes at the scene, conducting a warrantless search, and an officer shooting and killing ISAAC, in the report OFFICER DANIEL PFINGSTON (#567) created following the killing of ISAAC GOODLOW, III, he provides a two-sentence statement merely recounting that he responded to a call at ISAAC's apartment "that resulted in an officer involved shooting," and referencing "BWC videos for further details," although he also states he "did not view any BWC prior to authoring this report."

58. Despite spending more than 50 minutes at the scene, conducting a warrantless search, and an officer shooting and killing ISAAC, in the report OFFICER MOLLY MCGOVERN (#558) created following the killing of ISAAC GOODLOW, III, she provides a two-sentence statement merely recounting that she responded to a call at ISAAC's apartment "that resulted in an officer involved shooting," and referencing "BWC videos for further details," although she also states she "did not view any BWC prior to authoring this report."

59. As a direct and proximate result of the conduct of one or more of the group of officers that included SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), ISAAC GOODLOW, III was shot and killed in the bedroom of his home, struck by a Taser, and suffered pain, mental anguish, and loss of his young life.

WHEREFORE Plaintiffs, KYENNA McCONICO and KENNETHA BARNES, as Independent Co-Administrators of the Estate of ISAAC GOODLOW III, Deceased, pray for judgment against SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), for compensatory damages and punitive damages, costs, disbursement, attorneys' fees, interest, and any other relief the Court deems fair and just.

**COUNT III – Willful & Wanton Conduct – Survival Action**
***Against Defendants Sergeant Steven Cadle (#29), Officer Daniel Pfingston (#567), Officer Molly McGovern (#558), Officer Nicholas Janetis (#566), Officer Daniel Koeller (#570) and Officer Austin Marquardt (#572)***

60. Plaintiffs incorporate the allegations set forth in all preceding paragraphs as though fully stated herein.

61. At all relevant times, SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), and each of them, owed decedent ISAAC GOODLOW, III a duty to refrain from wanton and willful acts and omissions.

62. At all times relevant, SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), and each of them, engaged in a course of conduct that showed an actual or deliberate intention to cause harm to and/or an utter indifference or conscious disregard for the safety of ISAAC GOODLOW, III.

63. On the morning of February 3, 2024, SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), and each of them, by and through their acts and/or omissions, breached their duty to ISAAC GOODLOW, III in one or more of the following ways:

a. Entered ISAAC's home without probable cause;
b. Entered ISAAC's home without a warrant;
c. Entered ISAAC's home without consent;
d. Failed to announce their presence before entering ISAAC's home;
e. Failed to announce their presence before entering ISAAC's bedroom;
f. Shot ISAAC GOODLOW, III;
g. Failed to exercise the proper level of force that was warranted under the circumstances;
h. Used excessive and inappropriate deadly force without justification;
i. Failed to use, or allow to be used, less dangerous means of restraint on ISAAC GOODLOW, III before using and discharging their firearms;
j. Tased ISAAC after shooting him;
k. Tased ISAAC after shooting him and before assessing his need for and/or providing him life-sustaining measures;
l. Handcuffed ISAAC without first assessing his need for life-sustaining measures;
m. Delayed in providing ISAAC with life-sustaining measures;
n. Failed to warn ISAAC GOODLOW, III of the impending use of force;
o. Failed to implement and adhere to a use of force continuum consistent with that used by law enforcement agencies in Illinois.

64. As a direct and proximate result of one or more of the foregoing willful and wanton acts and/or omissions, ISAAC GOODLOW, III, suffered pain and injury, including emotional anguish, fear, anxiety, disfigurement, and loss of life and liberty.

65. Plaintiffs bring this action pursuant to the provisions of 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

WHEREFORE Plaintiffs, KYENNA McCONICO and KENNETHA BARNES, as Independent Co-Administrators of the Estate of ISAAC GOODLOW III, Deceased, pray for judgment against SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), for compensatory damages and punitive damages, costs, disbursement, interest, and any other relief the Court deems fair and just.

**COUNT IV – Willful & Wanton Conduct – Wrongful Death**
***Against Defendants Sergeant Steven Cadle (#29), Officer Daniel Pfingston (#567), Officer Molly McGovern (#558), Officer Nicholas Janetis (#566), Officer Daniel Koeller (#570) and Officer Austin Marquardt (#572)***

66. Plaintiffs incorporate the allegations set forth in paragraphs 60 through 63 above as though fully stated herein.

67. As a direct and proximate result of or more of the foregoing willful and wanton acts and/or omissions, ISAAC GOODLOW, III suffered injuries including, but not limited to, a bullet-punctured chest, which caused ISAAC's untimely death on February 3, 2024.

68. ISAAC GOODLOW, III is survived by his siblings, mother, and other family members.

69. By reason of the death of ISAAC GOODLOW III, his heirs have suffered pecuniary damages, including mental suffering, grief, loss of companionship, support, comfort, love, affection, protection and society of Decedent.

70. Plaintiffs, as Independent co-Administrators of the Estate of ISAAC GOODLOW, III, Deceased, brings this action pursuant to the provisions of 740 ILCS 180/1, *et seq.*, commonly known as the Illinois Wrongful Death Act.

WHEREFORE Plaintiffs, KYENNA McCONICO and KENNETHA BARNES, as Independent Co-Administrators of the Estate of ISAAC GOODLOW III, Deceased, pray for judgment against SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), for compensatory damages and punitive damages, costs, disbursement, interest, and any other relief the Court deems fair and just.

**COUNT V - Battery**

***Against Defendants Sergeant Steven Cadle (#29), Officer Daniel Pfingston (#567), Officer Molly McGovern (#558), Officer Nicholas Janetis (#566), Officer Daniel Koeller (#570) and Officer Austin Marquardt (#572)***

71. Plaintiffs incorporate the allegations set forth in all preceding paragraphs as though fully stated herein.

72. In the manner described above, SERGEANT STEVEN CADLE (#29), and/or OFFICER DANIEL PFINGSTON (#567), and/or OFFICER MOLLY MCGOVERN (#558), and/or OFFICER NICHOLAS JANETIS (#566), and/or OFFICER DANIEL KOELLER (#570), and/or OFFICER AUSTIN MARQUARDT (#572), acting under color of law within the scope of employment, engaged in offensive physical contact, without the consent of ISAAC GOODLOW, III, and shot ISAAC without justification.

73. In the manner described above, SERGEANT STEVEN CADLE (#29), and/or OFFICER DANIEL PFINGSTON (#567), and/or OFFICER MOLLY MCGOVERN (#558), and/or OFFICER NICHOLAS JANETIS (#566), and/or OFFICER DANIEL KOELLER (#570), and/or OFFICER AUSTIN MARQUARDT (#572), acting under color of law within the scope of employment, engaged in offensive physical contact, made without the consent of ISAAC GOODLOW, III, and tased ISAAC without justification.

74. In the manner described above, SERGEANT STEVEN CADLE (#29), and/or OFFICER DANIEL PFINGSTON (#567), and/or OFFICER MOLLY MCGOVERN (#558), and/or OFFICER NICHOLAS JANETIS (#566), and/or OFFICER DANIEL KOELLER (#570), and/or OFFICER AUSTIN MARQUARDT (#572), acting under color of law within the scope of employment, engaged in offensive physical contact, made without the consent of ISAAC GOODLOW, III, and handcuffed shot ISAAC while he lay on the ground, and without justification.

75. These actions were undertaken intentionally, willfully and wantonly, or recklessly.

76. The misconduct described in this Count was objectively unreasonable and was undertaken with intentional disregard of ISAAC GOODLOW, III's rights.

77. As a result of the misconduct of SERGEANT STEVEN CADLE (#29), and/or OFFICER DANIEL PFINGSTON (#567), and/or OFFICER MOLLY MCGOVERN (#558), and/or OFFICER NICHOLAS JANETIS (#566), and/or OFFICER DANIEL KOELLER (#570), and/or OFFICER AUSTIN MARQUARDT (#572), ISAAC GOODLOW, III, suffered pain and injury, including emotional anguish, fear, anxiety, disfigurement, and loss of life and liberty.

WHEREFORE Plaintiffs, KYENNA McCONICO and KENNETHA BARNES, as Independent Co-Administrators of the Estate of ISAAC GOODLOW III, Deceased, pray for judgment against SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON

(#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), for compensatory damages and punitive damages, costs, disbursement, interest, and any other relief the Court deems fair and just.

**COUNT VI - 42 U.S.C. § 1983 - Fourth Amendment - Failure to Intervene**
***Against Defendants Sergeant Steven Cadle (#29), Officer Daniel Pfingston (#567), Officer Molly McGovern (#558), Officer Nicholas Janetis (#566), Officer Daniel Koeller (#570) and Officer Austin Marquardt (#572)***

78. Plaintiffs incorporate the allegations set forth in all preceding paragraphs as though fully stated herein.

79. As described more fully in the preceding paragraphs, during the constitutional violations described herein, SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), stood by without intervening to prevent the misconduct described in this Complaint.

80. As a result of failures to intervene by SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), ISAAC GOODLOW, III, suffered pain and injury, including emotional anguish, fear, anxiety, disfigurement, and the loss of life and liberty, as is more fully described throughout this Complaint.

WHEREFORE Plaintiffs, KYENNA McCONICO and KENNETHA BARNES, as Independent Co-Administrators of the Estate of ISAAC GOODLOW III, Deceased, pray for judgment against SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), for compensatory damages and punitive damages, costs, disbursement, attorneys' fees, interest, and any other relief the Court deems fair and just.

**COUNT VII - 42 U.S.C. § 1983 - Fourth Amendment – Denial of Medical Care**
***Against Defendants Sergeant Steven Cadle (#29), Officer Daniel Pfingston (#567), Officer Molly McGovern (#558), Officer Nicholas Janetis (#566), Officer Daniel Koeller (#570) and Officer Austin Marquardt (#572)***

81. Plaintiffs incorporate the allegations set forth in all preceding paragraphs as though fully stated herein.

82. In the manner described above, SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), and each of them, had notice of ISAAC GOODLOW, III's serious medical needs after he was shot, and yet failed to provide him with timely and necessary medical attention, but instead tased and handcuffed him before assessing, providing, or requesting medical attention to ISAAC. They each further failed to intervene in and/or prevented the provision of medical care by others, in violation of the Fourth Amendment of the United States Constitution.

83. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and/or reckless indifference to ISAAC GOODLOW, III's constitutional rights.

84. As a result of this misconduct, ISAAC GOODLOW, III experienced pain, suffering, emotional distress, physical injury, and death.

WHEREFORE Plaintiffs, KYENNA McCONICO and KENNETHA BARNES, as Independent Co-Administrators of the Estate of ISAAC GOODLOW III, Deceased, pray for judgment against SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), for compensatory damages, and punitive damages against individual Defendants, costs, disbursement, attorneys' fees, interest, and any other relief the Court deems fair and just.

**COUNT VIII - 42 U.S.C. § 1983 – *Monell***
**Pattern and Practice of Unlawful Home Entries and Using Excessive Force**
***Against Defendant Village of Carol Stream***

85. Plaintiffs incorporate the allegations set forth in all preceding paragraphs as though fully stated herein.

86. VILLAGE OF CAROL STREAM has a long-standing pattern and practice of executing unlawful entries into homes.

87. VILLAGE OF CAROL STREAM has a long-standing pattern and practice of using excessive force.

88. This pattern or practice had been in place for years prior to the shooting of ISAAC GOODLOW, III, as evidenced by the allegations above.

89. VILLAGE OF CAROL STREAM has been aware of these patterns and practices, and their unlawfulness, and has failed to implement reasonable and necessary means to address and resolve the pattern and practice of unlawful entries into homes and/or the unlawful use of excessive force that has persisted for years.

90. The widespread pattern and practice described above and throughout this Complaint was a moving force behind the shooting of ISAAC GOODLOW, III.

91. As a direct and proximate result of the widespread pattern and practice described above and throughout this Complaint, ISAAC GOODLOW, III, was shot and killed, inside his own home, and suffered pain and injury, including emotional anguish, fear, anxiety, disfigurement, and the loss of life and liberty, as is more fully described throughout this Complaint.

WHEREFORE Plaintiffs, KYENNA McCONICO and KENNETHA BARNES, as Independent Co-Administrators of the Estate of ISAAC GOODLOW III, Deceased, pray for judgment against VILLAGE OF CAROL STREAM, for compensatory damages, costs, disbursement, attorneys' fees, interest, and any other relief the Court deems fair and just.

**COUNT IX - 42 U.S.C. § 1983 – *Monell* – Deliberate Indifference in Failing to Train and Failing to Hold Officers Accountable for their Actions**
***Against Defendant Village of Carol Stream***

92. Plaintiffs incorporate the allegations set forth in all preceding paragraphs as though fully stated herein.

93. A municipality's failure to train supports § 1983 liability where it is done with deliberate indifference to the constitutional rights of the municipality's inhabitants. *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989). The same is true where a municipality fails to hold officers accountable for their actions such that officers believe they can act with impunity.

94. Based upon VILLAGE OF CAROL STREAM's long history of its Police Officers using unreasonable force, and executing unwarranted and illegal home entries, it knew that increased and improved training in areas of use of force, effectuating arrests, and accessing an individuals' home, were necessary.

95. VILLAGE OF CAROL STREAM was especially so informed through the prior lawsuits and complaints against its Police Officers, including those mentioned throughout this Complaint.

96. On information and belief, one or more of the involved officers, SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and/or OFFICER AUSTIN MARQUARDT (#572), had a checkered past, including a prior officer-involved shooting while employed by a different police department prior to joining the VILLAGE OF CAROL STREAM Police Department and for which the officer was discharged, and this information was known to VILLAGE OF CAROL STREAM at all times relevant.

97. Among the reforms VILLAGE OF CAROL STREAM has failed to timely and adequately implement are:

a. Developing appropriate and adequate policies and practices on use of force, effecting arrests, and accessing an individual's home, including:
    i. A prohibition against officers entering an individual's home without a warrant, when the individual poses no threat of immediate harm to himself or other, they lack consent, probable cause, and no exigent circumstances exist;
    ii. A prohibition against officers intentionally pointing a firearm at a person unless there is an objective reasonable belief the person presents an imminent threat of death or serious physical injury to the member or another person;
    iii. A prohibition against no-knock warrants and/or permitting officers from entering into a person's home without warning;
    iv. Guidance requiring that, if exigent circumstances require entry into a person's home, they do so in a manner that limits harm to the individual;
    v. Policies that follow the U.S. Department of Justice May 20, 2022 Use of Force Policy including training on alternative methods and tactic for handing resisting subjects, de-escalation tactics and techniques, the affirmative duty to intervene to prevent or stop any officer from engaging in excessive force, and the affirmative duty to provide medical aid;

b. Providing appropriate training of its Police Officers on use of force, effectuating arrests, and accessing an individual's home, including, scenario-based training;
c. Conducting studies and analyses of accurate data on use of force, arrests, and accessing individuals' homes, which in turn, compromised its ability to implement meaningful reform and provide training in areas where it is needed; and
d. Implementing meaningful reform and adequate measures to address and resolve the long-standing pattern and practice of unlawful use of force, arrests, and home entries, including deadly force, that have been used by VILLAGE OF CAROL STREAM for years.

98. Moreover, VILLAGE OF CAROL STREAM fails to enforce the policies it has in place. VILLAGE OF CAROL STREAM Police Department's own policies and procedures mandate "employees should ensure that reports and sufficiently detailed for their purpose and reasonably free of errors prior to submission" (Policy 323.1.1 Report Preparation). SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), each created reports following the killing of ISAAC GOODLOW, III, yet each created reports utterly devoid of any detail regarding the shooting of ISAAC. In fact, OFFICER DANIEL PFINGSTON (#567) and OFFICER MOLLY MCGOVERN (#558) each state in their reports merely that they responded to a call at ISAAC's apartment "that resulted in an officer involved shooting," and "See BWC videos for further details," although both state they did not review any BWC footage prior to authoring their reports. None of the Officers even identify which ones fired their weapons at ISAAC. And Approving Supervisor Commander Jonathan Grey accepted these incomplete, inadequate, and purposefully wanton reports, promoting a culture that endorses rule violations and allows such abuses to go unpunished.

99. Because adequate policies and reforms were not promulgated and implemented, VILLAGE OF CAROL STREAM Police Officers were not trained appropriately. This failure on the part of VILLAGE OF CAROL STREAM exhibits deliberate indifference to the constitutional rights

of VILLAGE OF CAROL STREAM inhabitants, including ISAAC GOODLOW, III, because VILLAGE OF CAROL STREAM knew that such reforms and training were necessary.

100. As a direct and proximate result of VILLAGE OF CAROL STREAM's deliberate indifference to training and accountability, particularly in the context of use of force, and unlawful home entries, ISAAC GOODLOW, IIII, was shot and killed while inside the sanctity of his own bedroom, resulting in pain, suffering, emotional distress, and physical injury.

WHEREFORE Plaintiffs, KYENNA McCONICO and KENNETHA BARNES, as Independent Co-Administrators of the Estate of ISAAC GOODLOW III, Deceased, pray for judgment against VILLAGE OF CAROL STREAM, for compensatory damages, costs, disbursement, attorneys' fees, interest, and any other relief the Court deems fair and just.

## COUNT X – *Respondeat Superior*
## *Against Defendant Village of Carol Stream*

101. Plaintiffs incorporate the allegations set forth in all preceding paragraphs as though fully stated herein.

102. At all times relevant, VILLAGE OF CAROL STREAM is the employer of SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), and each of them.

103. At all times relevant, SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), and each of them, were acting in the course and scope of employment by VILLAGE OF CAROL STREAM and acting under the color of law.

104. VILLAGE OF CAROL STREAM is vicariously liable for the acts and omissions of

SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), and each of them.

WHEREFORE Plaintiffs, KYENNA McCONICO and KENNETHA BARNES, as Independent Co-Administrators of the Estate of ISAAC GOODLOW III, Deceased, pray for judgment against VILLAGE OF CAROL STREAM, for compensatory damages, costs, disbursement, interest, and any other relief the Court deems fair and just.

**<u>COUNT XI – Indemnification</u>**
***Against Defendant Village of Carol Stream***

105. Plaintiffs incorporate the allegations set forth in all preceding paragraphs as though fully stated herein.

106. At all times relevant, VILLAGE OF CAROL STREAM is the employer of SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), and each of them.

107. At all times relevant, SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), and each of them, were acting in the course and scope of employment by the Village of Carol Stream and acting under the color of law.

108. Pursuant to 745 ILCS 10/9-102, VILLAGE OF CAROL STREAM is liable for any judgment for compensatory damages, attorneys' fees, and costs for the acts and omissions of the SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER

MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), and each of them.

WHEREFORE Plaintiffs, KYENNA McCONICO and KENNETHA BARNES, as Independent Co-Administrators of the Estate of ISAAC GOODLOW III, Deceased, pray for judgment against VILLAGE OF CAROL STREAM, for compensatory damages, costs, disbursement, interest, and any other relief the Court deems fair and just.

**COUNT XII – Willful & Wanton Supervision and Training - Survival Action**
***Against Village of Carol Stream***

109. Plaintiffs incorporate the allegations set forth in all preceding paragraphs as though fully stated herein.

110. At all relevant times, VILLAGE OF CAROL STREAM owed a duty to supervise its Police Officers, including SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), and each of them.

111. At all relevant times, VILLAGE OF CAROL STREAM owed a duty to provide sufficient and appropriate training to its Police Officers, including SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), and each of them.

112. At all relevant times, VILLAGE OF CAROL STREAM owed a duty to all citizens, including decedent ISAAC GOODLOW, III, to refrain from wanton and willful acts and omissions.

113. At all times relevant, VILLAGE OF CAROL STREAM engaged in a course of conduct that evidenced an actual or deliberate intention to cause harm to and/or an utter indifference or conscious disregard for the safety of all citizens, including ISAAC GOODLOW, III, in failing to provide appropriate and adequate supervision of its Police Officers, including SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), and each of them.

114. At all times relevant, VILLAGE OF CAROL STREAM engaged in a course of conduct that evidenced an actual or deliberate intention to cause harm to and/or an utter indifference or conscious disregard for the safety of all citizens, including ISAAC GOODLOW, III, in failing to provide appropriate and adequate training to its Police Officers, including SERGEANT STEVEN CADLE (#29), OFFICER DANIEL PFINGSTON (#567), OFFICER MOLLY MCGOVERN (#558), OFFICER NICHOLAS JANETIS (#566), OFFICER DANIEL KOELLER (#570), and OFFICER AUSTIN MARQUARDT (#572), and each of them.

115. VILLAGE OF CAROL STREAM breached its duties in one or more of the following ways:

a. Continued failures to develop appropriate and adequate policies and practices on use of force, effecting arrests, and accessing an individual's home, including:
    i. A prohibition against officers entering an individual's home without a warrant, when the individual poses no threat of immediate harm to himself or other, they lack consent, probable cause, and no exigent circumstances exist;
    ii. A prohibition against officers intentionally pointing a firearm at a person unless there is an objective reasonable belief the person presents an imminent threat of death or serious physical injury to the member or another person;
    iii. A prohibition against no-knock warrants and/or permitting officers from entering into a person's home without warning;

iv. Guidance requiring that, if exigent circumstances require entry into a person's home, they do so in a manner that limits harm to the individual;

v. Policies that follow the U.S. Department of Justice May 20, 2022 Use of Force Policy including training on alternative methods and tactic for handing resisting subjects, de-escalation tactics and techniques, the affirmative duty to intervene to prevent or stop any officer from engaging in excessive force, and the affirmative duty to provide medical aid;

b. Continued failure to provide appropriate training of its Police Officers on use of force, effectuating arrests, and accessing an individual's home, including, scenario-based training;

c. Continued failure to conduct studies and analyses of accurate data on use of force, arrests, and accessing individuals' homes, which in turn, compromised its ability to implement meaningful reform and provide training in areas where it is needed; and

d. Continued failure to implement meaningful reform and adequate measures to address and resolve the long-standing pattern and practice of unlawful use of force, arrests, and home entries, including deadly force, that have been used by VILLAGE OF CAROL STREAM for years;

e. Continued failure to provide appropriate supervision of its Police Officers on use of force, effectuating arrests, and accessing an individual's home, including, scenario-based training;

f. Continued failure to provide appropriate discipline of its Police Officers in regard to use of force, effectuating arrests, and unlawful entry into an individual's home.

116. Because VILLAGE OF CAROL STREAM has been persistent in its failures to promulgate and implement adequate policies and reforms, VILLAGE OF CAROL STREAM Police Officers were provided appropriate training or supervision. This failure on the part of VILLAGE OF CAROL STREAM exhibits deliberate indifference to the constitutional rights of VILLAGE OF CAROL STREAM inhabitants, including ISAAC GOODLOW, III, because VILLAGE OF CAROL STREAM knew that such reforms, training, and supervision were necessary.

117. As a direct and proximate result of VILLAGE OF CAROL STREAM's deliberate indifference to training and accountability, particularly in the context of use of force, and unlawful home entries, ISAAC GOODLOW, IIII, was shot and killed while inside the sanctity of his own bedroom.

118. As a direct and proximate result of one or more of the foregoing willful and wanton acts and/or omissions, ISAAC GOODLOW, III, suffered pain and injury, including emotional anguish, fear, anxiety, disfigurement, and loss of life and liberty.

119. Plaintiffs bring this action pursuant to the provisions of 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

WHEREFORE Plaintiffs, KYENNA McCONICO and KENNETHA BARNES, as Independent Co-Administrators of the Estate of ISAAC GOODLOW III, Deceased, pray for judgment against VILLAGE OF CAROL STREAM, for compensatory damages, costs, disbursement, interest, and any other relief the Court deems fair and just.

**COUNT XIII– Willful & Wanton Training and Supervision – Wrongful Death**
***Against Village of Carol Stream***

120. Plaintiffs incorporate the allegations set forth in paragraphs 109 through 116 above as though fully stated herein.

121. As a direct and proximate result of or more of the foregoing willful and wanton acts and/or omissions, ISAAC GOODLOW, III suffered injuries including, but not limited to, a bullet-punctured chest, which caused ISAAC's untimely death on February 3, 2024.

122. ISAAC GOODLOW, III is survived by his siblings, mother, and other family members.

123. By reason of the death of ISAAC GOODLOW III, his heirs have suffered pecuniary damages, including mental suffering, grief, loss of companionship, support, comfort, love, affection, protection and society of Decedent.

124. Plaintiffs, as Independent co-Administrators of the Estate of ISAAC GOODLOW, III, Deceased, brings this action pursuant to the provisions of 740 ILCS 180/1, *et seq*., commonly known as the Illinois Wrongful Death Act.

WHEREFORE Plaintiffs, KYENNA McCONICO and KENNETHA BARNES, as Independent Co-Administrators of the Estate of ISAAC GOODLOW III, Deceased, pray for judgment against VILLAGE OF CAROL STREAM, for compensatory damages, costs, disbursement, interest, and any other relief the Court deems fair and just.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury of all claims herein.

Dated: June 14, 2024

Respectfully submitted:

By: *<u>/s/ Andrew M. Stroth</u>*__________
One of the Attorneys for Plaintiff

Andrew M. Stroth, #6276013
ACTION INJURY LAW GROUP, LLC
191 North Wacker Drive, Suite 2300
Chicago, Illinois 60606
Tel: (844) 878-4529
astroth@actioninjurylawgroup.com

By: *<u>/s/ Steven A. Hart</u>*____________
One of the Attorneys for Plaintiff

Steven A. Hart, #6211008
Julie A. Murphy, #6290303
James F. Ormond, #6271680
HART McLAUGHLIN & ELDRIDGE, LLC
1 South Dearborn, Suite 1400
Chicago, Illinois 60603
Tel: (312) 955-0545
shart@hmelegal.com
jmurphy@hmelegal.com
jormond@hmelegal.com